Frank J. Martinez, Esq. (FJM-2149)
THE MARTINEZ GROUP PLLC
55 Washington Street, Suite 316
Brooklyn, New York 11201
718.797.2341 Telephone
718.222.0481 Facsimile
FM@martinezgroup.com
Attorney Docket: 792-363



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  OCT 06 2009  ★

BROOKLYN OFFICE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

**THE FONT BUREAU, INC.,**

                Plaintiff,

-against-

**NBC UNIVERSAL, INC.,
CNBC, INC.,**

                Defendants.

---------------------------------------------------------------X

CV 09  4286

**COMPLAINT**

(Jury Trial Demanded)

**TOWNES, J.**

Plaintiff, THE FONT BUREAU, INC., ("FONT BUREAU"), by and through its attorneys, The Martinez Group PLLC, for its First Complaint against Defendants NBC UNIVERSAL, INC. and CNBC, INC., (together, "Defendant" or "Defendants" or "NBC" or "CNBC"), hereby alleges as follows:

### NATURE AND SUBSTANCE OF THE ACTION

1. Plaintiff files this action against Defendant for Trademark Infringement under 15 U.S.C. § 1117 and Unfair Competition under the Lanham Act, 15 U.S.C. §1125 and Copyright Infringement under 17 U.S.C. §101, et seq.; and applicable State Law.

{00013272 v.1}

2. This action is brought in response to a classic case of Trademark and Copyright infringement, specifically the unauthorized copying and commercial, for-profit use and distribution of Plaintiff's copyrighted software and the federally registered Trademarks associated therewith; namely, the unlicensed distribution and use of Plaintiff's type face font software on Defendant's websites, www.nbc.com and www.cnbc.com. Titles 15 and 17 of the United States Code (Trademark Act and Copyright Act) were enacted to provide remedies to trademark and copyright owners who suffer damages by reason of such actions.

## JURISDICTION AND VENUE

3. This is an action for Trademark and Copyright infringement arising under the Trademark Act 15 U.S.C. §111, et seq., and the Copyright Act of 1976, 17 U.S.C. §101 et seq., and for the related claims of Unfair Competition under 15 U.S.C. §1125(a) and applicable State laws, which seeks the disgorgement of revenues, profits, together with damages, statutory damages, costs and fees by reason of Defendants' past and ongoing infringements of Font Bureau's valid and subsisting rights in and to the trademarks and copyrights associated with the works identified herein. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332, 1338(a) and 1338(b), its supplemental jurisdiction, and under Rule 4 of the Federal Rules of Civil Procedure.

4. Venue is proper in this district under 28 U.S.C. §1391 and §1400 in that Defendants or Defendants' agents may be found in this District and Defendants transact business in this District.

## PARTIES

5. Plaintiff, The Font Bureau, Inc. ("Font Bureau"), is a Massachusetts corporation with its principal place of business located at 50 Melcher Street, Suite 2, Boston, Massachusetts 02210.

6. Plaintiff Font Bureau is, *inter alia,* a designer, manufacturer and licensor of rights to use its electronic type face font designs and software and other creative works.

7. Plaintiff Font Bureau has designed type face fonts since at least as early as 1978 and has designed type face fonts for Apple Computers, Microsoft Corporation, The Wall Street Journal, Hewlett Packard, Newsweek Magazine, The Chicago Tribune, American Express and Palm Computing, among many others.

8. Defendant NBC Universal, Inc. ("NBC") is a corporation formed under the laws of the State of Delaware and is authorized to conduct business in New York by the New York Secretary of State, having a place of business at 30 Rockefeller Plaza, New York, New York 10020.

9. Defendant CNBC, Inc. is a Corporation formed under the laws of the State of Delaware, having an office at 1 CNBC Plaza, 900 Sylvan Avenue, Englewood Cliffs, New Jersey, 07632.

10. Defendants conduct business throughout the world, the United States, the State of New York, in the County of Kings, within the Eastern District.

## FACTS COMMON TO ALL CLAIMS

11. Font Bureau is engaged in the business of designing, creating, producing, marketing and licensing the use of computer software in the nature of type face fonts in digital form for use with personal computers, commercial typesetting and printing devices from, *inter alia,* its

Internet commerce website, www.fontbureau.com, and by way of authorized third party distributors and their Internet commerce websites.

12. Font Bureau is the exclusive owner of all rights, titles and interests in and to the trademarks and copyrights for the works entitled BUREAU GROTESQUE, INTERSTATE and ANTENNA identified herein.

13. Font Bureau filed an application to register the trademark BUREAU GROTESQUE on June 9, 1997 and the Mark was accorded Registration Serial No.: 2,202,676 on November 10, 1998 and the Mark is now Incontestable under 15 U.S.C. §1065, a copy of which is annexed hereto as Exhibit A.

14. Font Bureau filed an application to register the trademark INTERSTATE on October 1, 1996 and the Mark was accorded Registration Serial No.: 2,222,151 on February 9, 1999 and the Mark is now Incontestable under 15 U.S.C. §1065, a copy of which is annexed hereto as Exhibit B.

15. Font Bureau filed an application to register the trademark ANTENNA on March 11, 2004 and the Mark was accorded Registration Serial No.: 2,930,936 on March 8, 2005, a copy of which is annexed hereto as Exhibit C.

16. Font Bureau is the owner of 103 U.S. Trademark registrations related to its type face font works of the type described herein.

17. The INTERSTATE family of type fonts comprises 40 variations and the Font Bureau has filed and is the exclusive owner of all rights associated with 33 U.S. Copyright Registrations associated with the basic INTERSTATE family of type font software, namely Registration Serial Nos.: TX 5-265-237; TX 5-253-531; TX 5-523-532; TX 5-275-212; TX 5-275-213; TX 5-265-238; TX 5-265-236; TX 5-265-243; TX 5-265-235; TX 5-265-223; TX 5-265-

227; TX 5-265-244; TX 5-265-226; TX 5-265-225; TX 5-265-240; TX 5-265-239; TX 5-265-221; TX 5-265-220; TX 5-265-233; TX 5-265-222; TX 5-265-219; TX 5-265-218; TX 5-265-234; TX 5-265-217; TX 5-265-241; TX 5-265-224; TX 5-265-232; TX 5-265-242; TX 5-265-229; TX 5-265-228; TX 5-265-230 and TX 5-265-231, copies of which are annexed hereto as Exhibit D.

18. Font Bureau is the owner of US Copyright Registration Serial No.: TX 5-835-098 for its BUREAU GROTESQUE font software, a copy of which is annexed hereto as Exhibit E.

19. Font Bureau has filed an application to register the software associated with its ANTENNA font software, which has been accorded application Claim Id. No.: 1-41AJQY, Case No.: 1-244036472, a copy of which is annexed hereto as Exhibit F.

20. By reason thereof and long and continuous use in commerce, Font Bureau is the owner of the exclusive rights in and to the trademarks and copyrighted software associated with its various type face font designs.

21. Font Bureau's trademark and copyright registration in and to the BUREAU GROTESQUE type font software are each valid and subsisting.

22. Font Bureau's trademark registration and its exclusive rights in and to the 33 copyrights associated with the basic INTERSTATE type font software are each valid and subsisting.

23. Font Bureau's trademark registration and copyright in and to the ANTENNA type font software are each valid and subsisting.

24. Font Bureau is and has been at all times alleged herein, the sole owner of all right, title and interest in and to the BUREAU GROTESQUE, INTERSTATE and ANTENNA type face font designs and trademarks together with the software associated therewith.

25. Font Bureau has sold and continues to sell and derive significant revenue from the sale of licenses to use its various trademarked type face font designs and software, as well as the licensing of the rights to use, manufacture and make derivative copies thereof.

26. Font Bureau licenses the use of its protected type face font designs and the software associated therewith and controls such licensing by way of individually negotiated license agreements including, the Font Bureau End User License Agreement (EULA), a copy of which is annexed hereto as Exhibit G.

27. The records of Font Bureau indicate that Defendant NBC has purchased a limited number of licenses to use Font Bureau type face font design; copies of which are annexed hereto as Exhibit H.

28. Defendants have not purchased any licenses to sublicense, sell, copy, or make derivative works of the Font Bureau type face font designs or software.

29. Defendants have not purchased a license or right to copy or distribute or otherwise license or sublicense the Font Bureau type face font software to third parties.

30. Defendants have not purchased a license or right authorizing the creation of copies or derivative versions of the Font Bureau type face font software and license the same to third parties.

31. Defendants have not purchased a license or right permitting the sale, copying or otherwise permitting the distribution of products bearing the trademarks of Font Bureau.

32. Defendants have not purchased a license or right permitting the copying and/or distribution of goods bearing the Font Bureau trademarks.

33. Defendants have each derived significant financial benefit from the distribution of infringing copies of the Font Bureau type face software and the use of the Font Bureau trademarks.

### DEFENDANT'S ACTIONS

34. Defendant NBC has purchased a single license to use a limited number of Font Bureau type font software (See Exhibit H).

35. Upon information and belief, Defendant NBC has made, caused to be made numerous infringing copies of the Font Bureau font software and distributed the same to multiple locations and to multiple third parties who are not licensed by Font Bureau.

36. Defendant NBC has not purchased a license permitting the use of the font software by more than one user.

37. Defendant NBC has not purchased a license to use the Font Bureau font software at more than one location.

38. Defendant NBC has not purchased any licenses to make and distribute copies of the copyrighted Font Bureau type font software and to use the registered trademarks of the Font Bureau on such copies.

39. Defendant NBC was not authorized to make more than one back-up copy of the software that it properly licensed.

40. Defendant NBC's uses of the Font Bureau font software exceeds the uses permitted in the limited licenses granted to NBC, showings of which are annexed hereto as Exhibit I.

41. Defendant CNBC's uses are entirely unlicensed and unauthorized and represent an infringement of Font Bureau's rights, showings of which are annexed hereto as Exhibit J.

42. By reason thereof, Defendants have copied, distributed and have caused to be distributed unlicensed and infringing copies of the Font Bureau type face font designs and software identified herein.

43. Defendants are not authorized to use and distribute goods bearing the trademarks of Font Bureau on unauthorized copies of the Font Bureau software.

44. The natural, probable and foreseeable result of Defendants' wrongful conduct has been, and continues to be, to deprive Font Bureau of the benefits and revenue from the sale of appropriate licenses to use its protected type face font software, thereby causing injury to Font Bureau's relationships with present and prospective customers who rely on the cachet that exclusive licensing creates in the various Font Bureau type face font works.

45. The natural, probable and foreseeable result of Defendants' wrongful conduct has been and continues to be, to cause confusion, mistake and deception as to the source of Font Bureau's trademarks.

46. The natural, probable and foreseeable result of Defendants' wrongful conduct has been and continues to be, the dilution of Font Bureau's trademarks.

47. Font Bureau has lost, and will continue to lose, substantial revenue from Defendant's wrongful use, manufacturing, copying, distribution and sublicensing of unauthorized and infringing copies of Font Bureau's type face font software.

48. Defendant's wrongful conduct has deprived, and will continue to deprive, Font Bureau of opportunities for expanding the goodwill associated with the sale of licenses to use its federally registered trademarks and copyrighted software.

**FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT and DILUTION**
**15 U.S.C. §1117**

49. Font Bureau repeats and realleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 48, inclusive, and incorporates them herein by this reference.

50. Defendants have improperly copied and distributed infringing copies of Font Bureau's font software.

51. Defendants' improper and infringing copies of Font Bureau font software each represent the unauthorized use of Font Bureau's protected trademarks.

52. Defendants' have distributed the unauthorized and infringing font software to unlicensed parties and, by reason thereof, have infringed and will continue to infringe Font Bureau's valuable trademarks.

53. Defendants' actions cause confusion, mistake and deception as to the source of Font Bureau's valuable type face font software products.

54. Defendants' actions dilute the distinctiveness of Font Bureau's trademarks.

55. Font Bureau is entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendant as a result of the acts of infringement alleged herein, as well as attorneys' fees.

56. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Font Bureau but are not less than two million dollars ($2,000,000).

57. Font Bureau has no adequate remedy at law.

### SECOND CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. §101

58. Font Bureau repeats and realleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 57, inclusive, and incorporates them herein by this reference.

59. Defendants have created and caused to be created, infringing copies of Font Bureau's copyrighted type face font software to be made and distributed to unlicensed parties and by reason thereof, have infringed and will continue to infringe Font Bureau's valuable copyrights.

60. Font Bureau is entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendants as a result of the acts of infringement alleged herein, as well as attorneys' fees.

61. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Font Bureau but are not less than two million dollars ($2,000,000).

62. Font Bureau has no adequate remedy at law.

### THIRD CAUSE OF ACTION
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
### 17 U.S.C. §101

63. Font Bureau repeats and realleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 62, inclusive, and incorporates them herein by this reference.

64. By reason of the acts complained of herein, defendants have engaged and continue to engage in the knowing activities of systematically inducing, causing and materially contributing to the past and ongoing infringements and distribution of infringing copies of the copyrighted Font Bureau type face font software to unlicensed third parties.

65. Defendants have each derived substantial financial benefit from the infringements of Font Bureau's copyrighted type face font software and the use of the Font Bureau trademarks.

66. Font Bureau is entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendants as a result of the acts of infringement alleged herein, as well as attorneys' fees.

67. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Font Bureau but is not less than two million dollars ($2,000,000).

68. Font Bureau has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
## UNFAIR COMPETITION
## 15 U.S.C. §1125(a)

69. Font Bureau repeats and realleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 68, inclusive, and incorporates them herein by this reference.

70. Defendants' unauthorized use and distribution of Font Bureau's type face font software in the creation of its various works and advertisements, constitutes false advertising, false designation of origin, and false descriptions and representations that falsely describe and represent Defendants' goods and/or services as being connected, endorsed or otherwise associated with Font Bureau, and by reason thereof, creates a false description or representation in interstate commerce in violation of 15 U.S.C. §1125(a) and by reason of such actions, Font Bureau has been and will continue to be so damaged.

71. Font Bureau is further entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendants as a result of the acts of infringement alleged herein, as well as attorneys' fees.

72. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Font Bureau but are not less than two million dollars ($2,000,000).

## FIFTH CAUSE OF ACTION
## BREACH OF CONTRACT

73. Font Bureau repeats and realleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 72, inclusive, and incorporates them herein by this reference.

74. Defendants have purchased only single user licenses to a limited number of the Font Bureau's type face font software products.

75. Defendants are not authorized to copy, create derivative works, sell, license, sublicense or otherwise distribute the use of the Font Bureau type face font software.

76. Defendants are not authorized to sell, copy, license or sublicense works bearing the Font Bureau trademarks.

77. Defendants' actions constitute a breach of the terms of the End User License Agreement governing the use and distribution of the Font Bureau trademarks and copyright type face font software designs.

78. Font Bureau is further entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendant as a result of the acts of infringement and breach of contract alleged herein, as well as attorneys' fees.

79. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Font Bureau but are not less than two million dollars ($2,000,000).

80. Font Bureau has no adequate remedy at law.

## SIXTH CAUSE OF ACTION
## DILUTION IN VIOLATION OF NEW YORK
## STATE GENERAL BUSINESS LAW §360-1

81. Font Bureau repeats and realleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 80, inclusive, and incorporates them herein by this reference.

82. Defendant has been, and continues to be, engaged in unfair and deceptive practices in violation of Section 360-1 of New York State General Business Law.

83. By reason of Defendant's acts, Font Bureau has been seriously and irreparably injured, and unless Defendant is restrained, Font Bureau will continue to be so damaged.

84. Font Bureau is further entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendant as a result of the acts of infringement alleged herein, as well as attorneys' fees.

85. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Font Bureau but are not less than two million dollars ($2,000,000).

86. Font Bureau has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests and prays that this Court will:

1. Preliminarily and permanently enjoin and restrain Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with it under 17 U.S.C. §502 and 15 U.S.C. §1116(iii) from;

    (a) imitating, copying, distributing, or making unauthorized use of Font Bureau's Registered Trademarks;

    (b) imitating, copying, distributing, or making unauthorized use of Font Bureau's registered and pending Copyright for the software associated with its various type face fonts and;

    (c) manufacturing, creating, producing, advertising, promoting, or displaying any products bearing any simulation, reproduction, counterfeit, copy, derivative version, or colorable imitation of Font Bureau's copyrighted software associated therewith, including all uses on the Internet.

2. Direct that Defendants deliver for destruction, at Defendants' expense, *inter alia*, all packages, boxes, film, computer files, disks, hard drives, CD-Rom's, data, DVD's, videotapes, and all other recorded media together with all other items in its possession or

under its control, bearing or using any software or products derived from Font Bureau's copyrighted type face font software and the trademarks associated therewith.

3. Direct the imposition of a constructive trust as to all monies received by Defendants from all sales, licenses, and payments received by reason of the infringement of Font Bureau's copyrighted type face font software goods and the infringing use of the Font Bureau trademarks.

4. Direct that Defendants provide to Font Bureau an accounting and a complete listing of all transactions conducted directly or by way of any Internet website or by way of any other means that may be under their direction or control involving Font Bureau's copyrighted type face font software and the trademarks associated therewith.

5. Direct that Defendants identify every recipient, by name, address, IP address and telephone number, of Font Bureau type face font software distributed by Defendants and/or those acting in concert with Defendants and/or those acting under the authority or at the direction of Defendants.

6. Direct that Defendants be required to pay Font Bureau actual damages in an amount not less than $150,000 or all profits derived from the infringing use of Font Bureau's copyrighted software, or that this Court award Statutory Damages under 17 U.S.C. §505 and 15 U.S.C. §1117 in the amount of $2,000,000; whichever is greater.

7. That the Court award costs and attorney's fees in an amount to be determined at trial pursuant to 17 U.S.C. §505 and 15 U.S.C. §1117.

8. Direct that Defendants be required to pay to Font Bureau such other damages that it has sustained as a consequence of Defendants' breach of contract as well as the unauthorized

use, copying and distribution of Font Bureau's copyrighted software goods bearing Font Bureau's trademarks.

9. Direct that Defendants be required to pay punitive and exemplary damages in such an amount as is to be awarded at trial.

10. Direct that Defendants be ordered to make a written report within a reasonable period of time to be filed with the Court detailing the manner of compliance with the requested injunctive and mandatory relief above.

11. Award Font Bureau the costs of this action, together with reasonable attorneys' fees.

12. Award Font Bureau such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, The Font Bureau, Inc., hereby demands a trial by jury.

Dated: October 6, 2009

Respectfully submitted,
THE MARTINEZ GROUP PLLC

By: _____
Frank J. Martínez (FJM-2149)
Attorneys for Plaintiff
The Font Bureau, Inc.

THE MARTINEZ GROUP PLLC
55 Washington Street, Suite 316
Brooklyn, New York 11201
718.797.2341 Telephone
718.222.0481 Facsimile
FM@martinezgroup.com

{00013272 v.1}  15